RECEIVED
USDC, CLERK CHARLESTON, SC
2010 SEP -7 P 2: 26

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| TERESA B. SANDERS, | ) | C. A. No. 2:09-1845-HFF-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District. 28 U.S.C. § 636(b).

The plaintiff, Teresa B. Sanders, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff protectively filed an application for disability insurance benefits and supplemental security income benefits on October 7, 2005, alleging that she became unable to work on September 30, 2005, due to disorders of cervical disc disease and high blood pressure. The applications were denied

initially and on reconsideration by the Social Security Administration. On March 28, 2006, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with her attorney and Carl Walden, a vocational expert, (Tr. 105-137), considered the case de novo, and February 20, 2008, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 14-21). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on May 14, 2009.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since September 30, 2005, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).
>
> 3. The claimant has the following severe combination of impairments: disorders of the cervical spine and left shoulder, asbestosis, and hypertension (20 CFR 404.1520(c) and 416.920(c)).
> ...
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). ...

2

> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work. The claimant can lift and carry up to ten pounds. The claimant can frequently climb ramps or steps, balance, stoop, kneel, crouch and crawl. She is limited to occasional climbing of ladders, ropes, and scaffolds, and is limited to frequent reaching overhead on the left. The claimant should avoid concentrated exposure to dust, fumes, gases, and poor ventilation. The claimant does not have visual or communicative limitations. ...
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). ...
>
> 7. The claimant was born on March 27, 1962 and was 43 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.666). ...
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 16-21.

## **STANDARD OF REVIEW**

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shivey v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The court's scope of review is specific and narrow. It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial

gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

**ARGUMENTS PRESENTED**

By brief the plaintiff presented the following four arguments:

1. The administrative law judge did not consider all of the Plaintiff's severe impairments, specifically, a severe low back impairment and severe headaches.

2. The administrative law judge did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

3. The Plaintiff's application for benefits should be remanded for administrative consideration of new evidence which

was submitted to the Appeals Council.

## SEVERE IMPAIRMENTS

Plaintiff first argues that the administrative law judge erred by failing to find that he suffered from severe low back pain. The regulations define a "nonsevere" impairment as an impairment or combination of impairments that does not significantly limit a claimant's ability to do basic work activities. See, 20 C.F.R. §§ 404.1521(a), 416.921(a) (2005). Basic work activities include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking, understanding, carrying out and remembering job instructions, use of judgment, responding appropriately to supervision, co-workers and usual work situations and dealing with changes in a routine work setting. See, 20 C.F.R. §§ 404.1521(b), 416.921(b) (2005). The Fourth Circuit held in Evans v. Heckler, that "[a]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." 734 F.2d 1012, 1014 (4th Cir. 1984)) (quoting Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984), (citations omitted).

## SOCIAL SECURITY RULING 96-8P

While the administrative law judge summarized some of the

medical evidence, the Plaintiff asserts his RFC assessment is conclusory and does not contain sufficient rationale or reference to the supporting evidence, as required by SSR 96-8p. Social Security Ruling 96-8p requires that the RFC assessment "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." This ruling further provides:

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

The administrative law judge is also required to include in his RFC assessment, "a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." Id.

## APPEALS COUNCIL REVIEW OF NEW EVIDENCE

42 U.S.C.A. § 405(g), and 20 C.F.R. §§ 404.987-404.989, in combination with case law on the subject, provides for remand of Social Security cases where "good cause" can be shown for such

7

action.  As delineated below, there are several grounds that may provide the requisite good cause for remand.

The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the administrative law judge's decision." 20 C.F.R. § 404.970(b).  See also, Wilkins v. Secretary of Dep't of Health and Human Serv., 953 F.2d 93, 95 (4th Cir. 1991).

## **DISCUSSION**

The administrative review of the plaintiff's claims herein is deficient, and while the deficiency is not egregious, it is such that the decision denying benefits should be reversed and this matter remanded to the Commissioner for further review.

The plaintiff's arguments that the administrative law judge did not consider all of the plaintiff's severe impairments, specifically low back pain, and the existence of additional evidence which was presented to the Appeals Council but not evaluated prompts this remand.

The facts are reasonably straight forward.  In 1991 the plaintiff suffered upper extremity pain and an MRI confirmed cord and root compression at C5-6 and C6-7.  A two level anterior cervical microdiscectomy and fusion of C5-6 and C6-7 was performed with good results. (Tr. 283-287).  The plaintiff

returned to work.

In 1999, the plaintiff suffered back and left lower extremity pain, and an MRI scan was positive for degenerative disc disease and disc herniation at L5-S1. A laminectomy, diskectomy and interbody fusion with Ray cages was performed, again with good results. The plaintiff's condition was described as stable status post L5-S1 discectomy with interbody fusion. (Tr. 289-295). She returned to work.

In September 2005, the plaintiff returned to the doctor complaining of acute neck and back pain. (Tr. 240-242). Subsequently an MRI scan revealed the previous fusion at C5-6 and C6-7 and spondylotic disc displacement at C4-5 and C3-4. The plaintiff was referred on November 3, 2005, for "aggressive rehab evaluation and treatment." (Tr. 260). She did not return to work.

At the administrative hearing, the plaintiff testified that since 2005 she has had to go to the hospital many times to receive morphine injections for pain. She reported her lower back prevents her from sitting long and she has to continuously move to alleviate the discomfort in the upper back. She testified, "I try to get up every hour and do something, because if I don't, then it's going to get to the point to where I have to end up back in the emergency room to get more shots." (Tr. 119).

On February 20, 2008, the administrative law judge, evaluated the plaintiff's claim and found, inter alia, "The claimant has the following severe combination of impairments: disorders of the cervical spine and left shoulder, asbestosis, and hypertension." (Tr. 16).

On October 16, 2008, plaintiff submitted to the Appeals Council additional medical evidence dated June 8, 2008, showing widespread degenerative changes moderately at T11-12 with advanced facet arthropathy causing some encroachment, mild at T12-L1 and L1-L2 without significant disc bulge, mild at L2-L3 and L3-L4 with concentric disc bulge at each level causing mild recess encroachment. The radiologist reported widespread degenerative changes with no definite neural element compromise. (TR 40-41). Also submitted was an independent evaluation report dated August 28, 2008, which concluded with the impression of chronic pain status post, two level cervical spine fusion and chronic back pain status post lower lumbar spine fusion. (TR. 27-28). Chronic high back pain and chronic low back pain were reported by an examining physician, and the plaintiff was enrolled in a Free Clinic Pain program. (Tr. 37).

The appeals council affirmed the denial of benefits by the administrative law judge concluding that the 2008 reports would not have changed the administrative law judge's decision. (Tr. 1-2).

Unfortunately the administrative law judge in his opinion only considered the plaintiff's disorders of the cervical spine to be severe rather than recognizing that the plaintiff suffers from a much broader severe impairment, degenerative disc disease which is effecting all levels of the spine, from L-5 through C-4, and causing neck, back and leg pain. The only reasonable conclusion which can be drawn from the administrative law judge's opinion and the Appeals Council's affirmation is that there was recognition and consideration only of the plaintiff's cervical spine problems, and not the cervical and lumbar problems individually or in combination. It may be that the Commissioner's ultimate decision will not change, but the court and the plaintiff are left with the undeniable conclusion that the commissioner has not fully considered the plaintiff's impairments.

**CONCLUSION**

Accordingly, for the aforementioned reasons it is recommended that, pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the court should reverse the

Commissioner's decision and remand the case to the Commissioner for full consideration of the plaintiff's severe impairments.

                              Respectfully Submitted,

                              */s/ Robert S. Carr*
                              Robert S. Carr
                              United States Magistrate Judge

Charleston, South Carolina

September 7, 2010